IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:20-MC-00083-RJC-DSC

| | |
|---|---|
| XFINITY MOBILE et. al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| D TOWN TRADING INC. et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on "Petitioners' Motion for Sanctions and Memorandum of Law in Support" (document #5). Plaintiff has not responded to the Motion and the time for filing a response has expired.

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and the Motion is now ripe for the Court's consideration.

The Court has carefully reviewed the Motion, as well as the record and authorities. For the reasons stated in Petitioners' brief, the Court respectfully recommends that the Motion be **GRANTED** and sanctions imposed as discussed below.

On May 19, 2020, Petitioners filed their "Motion to Compel Compliance with Subpoenas …" (document #1). Respondents did not respond to the Motion to Compel. On July 28, 2020, this Court granted Defendant's Motion to Compel. See "Order" (document #3). Specifically, the Court ordered that:

> Respondents are hereby ordered to produce all documents responsive to Petitioners' request for documents as set forth in Exhibit A to the Subpoenas to Petitioners'

counsel, without any objections as those have been waived, within ten days of the date of this Order.

Document #3 at 2.

For the reasons stated in Petitioners' brief, the Court finds that Respondents have not produced documents as mandated by this Court's July 28, 2020 Order or requested additional time to comply. See E.E.O.C. v. Altec Indus., Inc., 2012 WL 2295621, at *2 (W.D.N.C. June 18, 2012) (producing party "bears the burden of demonstrating" that responsive documents were produced as kept in the usual course of business or organized to correspond with discovery requests).

Petitioners seek sanctions under Rule 37(b)(2) as well as pursuant to the Court's inherent powers. See Fed. R. Civ. P. 37(b)(2) (sanctions for failing to obey discovery order); Chambers v. NASCO, Inc., 501 U.S. 32, 43 (1991) (court's inherent powers). Respondents' continued failure to comply raises an issue of bad faith. Sanctions are appropriate for violations of this Court's Order compelling discovery responses (document #15). See Rabb v. Amatex Corp., 769 F.2d 996, 999 (4th Cir. 1985) (Rule 37(b) sanctions apply to orders compelling discovery responses and "any order to provide or permit discovery" including pretrial orders).

## RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Petitioners' Motion for Sanctions and Memorandum of Law in Support" (document #5) be **GRANTED** and that sanctions be imposed as determined by the District Judge.

## NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. § 636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by

the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).   Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to Petitioners' counsel, to Respondents, and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED**

Signed: January 20, 2021

_____
David S. Cayer
United States Magistrate Judge