UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-mc-00083-RJC-DSC

| | |
|---|---|
| XFINITY MOBILE, A BRAND OF COMCAST OTR1, LLC et al., ) ) Petitioners, ) ) v. ) ) D TOWN TRADING INC. et al., ) ) Respondents. ) ) | **ORDER** |

**THIS MATTER** is before the Court on the Motion for Entry of Judgment (Doc. No. 13) filed by the Petitioners, Xfinity Mobile, a brand of Comcast OTR1, LLC; Comcast Cable Communications, LLC; and Comcast Corporation. The Petitioners ask the Court to enter judgment against the Respondents, D Town Trading Inc. and Cellport International Inc., along with their officers and directors. Mot. Entry J. 1, Doc. No. 13.

I. BACKGROUND

The Petitioners brought this action to compel the Respondents to provide documents in another case, *Xfinity Mobile, a brand of Comcast OTR1, LLC, et al. v. Devin Tech Inc., et al.*, 1:19-CV-03294-JPB (N.D. Ga.). Mot. Compel 1, Doc. No. 1. In support of their Motion for Entry of Judgment, the Petitioners invoke Federal Rules of Civil Procedure 37 and 45, 28 U.S.C. § 1927, and the Court's inherent powers. Mot. Entry J. 1. The Motion is based on the Respondents' continued violation of three orders: (i) an order granting the Petitioners' Motion to Compel, which was issued by the Magistrate Judge on July 28, 2020 (Doc. No. 3), (ii) an order that held the Respondents in civil contempt and imposed fines on them, which was issued on March 26, 2021 (Doc. No. 7), and (iii) an order, issued on January 3, 2022, that held the Respondents' officers and

directors in civil contempt and made them liable for the fines and costs incurred by the Respondents (Doc. No. 10).

The second order fined the Respondents $500 per day starting on April 2, 2021. Doc. No. 7 at 3. It was ordered that the fines would continue to accumulate until the Respondents began to comply with the first order. *Id.* The second order also awarded the Petitioners all reasonable fees and costs incurred in connection with this proceeding. *Id.*

The third order recognized that the Respondents remained in civil contempt. Doc. No. 10 at 3. The order also held in civil contempt any of the Respondents' officers or directors who had knowledge of the Court's previous orders. *Id.* It noted the ongoing imposition of $500 in daily fines, and it again awarded the Petitioners all reasonable fees and costs incurred in connection with this proceeding. *Id.* Finally, the third order stated that, if the Respondents failed to purge their contempt by January 31, 2022, then any of the Respondents' officers or directors who had knowledge of the Court's previous orders would be jointly and severally liable for any fines or costs incurred by their associated Respondent that accrue from February 1, 2022 onward. *Id.*

## II. DISCUSSION

The Respondents have failed to comply with the Court's orders. So have their officers and directors (Jamal Alasfar, Taha Jamal Alasfar, Hamzeh Jamal Alasfar, and Tayseer Alkhayyat). The Court finds that the Respondents and their officers and directors were properly served with the Court's orders and have intentionally ignored them.[1] The Court further finds that the Petitioners

---

[1] On January 4, 2022, the Petitioners' counsel sent copies of the third order, the first order, and the original subpoenas via FedEx to the following parties: Cellport, D Town, Jamal Alasfar (President of Cellport and D Town), Taha Jamal Alasfar (Vice President of Cellport), Hamzeh Jamal Alasfar (Treasurer of D Town and former President of Cellport), and Tayseer Alkhayyat (Vice President of D Town and registered agent for D Town and Cellport). Podolsky Decl. ¶ 4, Doc. No. 13-1. The tracking information for the packages shows that they have been delivered. *Id.* ¶ 5. Further, Hamzeh Alasfar signed for the package sent to D Town and Jamal Alasfar signed for the package sent to his home address. *Id.* Copies were also sent to Hamzeh Alasfar, Jamal Alasfar, Taha

are entitled to a judgment comprising all the fees and costs that they have incurred in connection with this matter. A judgment against the Respondents and their officers and directors for the fines they have been accruing is also warranted.

The Petitioners detail their attorneys' fees and costs in a declaration from their counsel. *See* Podolsky Decl. ¶¶ 11–15, Exs. 6–8, Doc. No. 13-1. Based upon the record evidence, the docket, and the Court's own experience in assessing the reasonableness of attorneys' fees, the Court finds that the attorneys' rates—ranging from $475 to $615 per hour for partners and set at $400 per hour for associates—are reasonable. The Court independently reviewed the time entries and finds that the hours claimed are reasonable and within the scope of recoverable tasks. The Court also finds that the costs incurred are reasonable, supported by evidence, and fully recoverable.[2]

The Court may "impose sanctions for civil contempt to coerce obedience to a court order or to compensate the complainant for losses sustained as a result of the contumacy." *In re Gen. Motors Corp.*, 61 F.3d 256, 258 (4th Cir. 1995); *see also Paramedics Electromedicina Comercial, Ltda. v. GE Med. Sys. Info. Techs., Inc.*, 369 F.3d 645, 657–58 (2d Cir. 2004). When a monetary sanction is compensatory, it is paid to the complainant. *See United States v. United Mine Workers of Am.*, 330 U.S. 258, 304 (1947) ("Where compensation is intended, a fine is imposed, payable to the complainant."). When it is coercive, it is paid to the Court. *See Latrobe Steel Co. v. United*

---

Alasfar, and Tayseer Alkhayyat via email on January 4 and January 27. *Id.* ¶ 6. Additionally, on January 27, the Petitioners' counsel left a voicemail on Hamzeh Alasfar's cellphone regarding this matter and the Court's orders. *Id.* ¶ 7. On June 10, 2022, the Petitioners' counsel sent a final letter to the Respondents and their officers and directors via email and FedEx informing them that the Petitioners planned to file a motion for entry of judgment against each of them unless this matter was resolved first. *Id.* ¶ 8. No response was received from the Respondents or their principals. *Id.* ¶ 9.

[2] The Court's third order made the Respondents' officers and directors liable for only the "fines or costs" incurred by their associated Respondent from February 1, 2022 onward. Doc. No. 10 at 3. Accordingly, the officers and directors are not liable for the attorneys' fees paid by the Petitioners.

*Steelworkers of Am., AFL-CIO*, 545 F.2d 1336, 1346 (3d Cir. 1976) ("In the case of a coercive fine, no money passes to the complainant as damages . . . ; instead, it is paid into the court or the public treasury."); *see also N.Y. State Nat'l Org. for Women v. Terry*, 886 F.2d 1339, 1353–54 (2d Cir. 1989). As ordered below, to compensate the Petitioners for their losses, the Respondents will reimburse the Petitioners for the money they have spent on costs and attorneys' fees. And to coerce obedience to the Court's orders, the Respondents and their officers and directors will pay their fines to the Court.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. The Court has jurisdiction over all the parties and claims.

2. The Petitioners' Motion for Entry of Judgment (Doc. No. 13) is **GRANTED** as described below.

3. The Respondents (D Town Trading Inc. and Cellport International Inc.) and their officers and directors (Jamal Alasfar, Taha Jamal Alasfar, Hamzeh Jamal Alasfar, and Tayseer Alkhayyat) remain **IN CIVIL CONTEMPT** of the Court's previous orders.

4. The Petitioners (Xfinity Mobile, a brand of Comcast OTR1, LLC; Comcast Cable Communications, LLC; and Comcast Corporation) incurred $30,110.50 in attorneys' fees and $680.78 in costs for filing and prosecuting this action. Podolsky Decl. ¶¶ 12, 14–15. Therefore, a monetary judgment is hereby entered against the Respondents, jointly and severally, and in favor of the Petitioners, in the principal amount of $30,791.28, which shall bear interest at the legal rate, for which let execution issue forthwith.

5. Because of their noncompliance, the Respondents have been accruing a $500 fine every day since April 2, 2021. As of April 18, 2023, that equates to 746 days and a total of

$373,000 in daily fines. Therefore, a monetary judgment is hereby entered against the Respondents, jointly and severally, in the principal amount of $373,000, which shall be paid to the Court, and which shall bear interest at the legal rate, for which let execution issue forthwith.

6. The Respondents' officers and directors (Jamal Alasfar, Taha Jamal Alasfar, Hamzeh Jamal Alasfar, and Tayseer Alkhayyat) are jointly and severally liable for the fines and costs incurred by their associated Respondent from February 1, 2022 onward. As of April 18, 2023, that equates to 441 days and a total of $220,500 in daily fines. Therefore, a monetary judgment is hereby entered against these officers and directors, jointly and severally with each other, in the principal amount of $220,500, which shall be paid to the Court, and which shall bear interest at the legal rate, for which let execution issue forthwith.

7. The last known address of Cellport International Inc. is 516 Griffith Road, Charlotte, NC 28217.

8. The last known address of D Town Trading Inc. is 2808 W. Sugar Creek Road, Charlotte, NC 28262.

9. The last known address of Jamal Alasfar is 6940 Augustine Way, Charlotte, NC 28270.

10. The last known address of Taha Jamal Alasfar is 6940 Augustine Way, Charlotte, NC 28270.

11. The last known address of Hamzeh Jamal Alasfar is 4523 Ellicott Station Parkway, Charlotte, NC 28210.

12. The last known address of Tayseer Alkhayyat is 516 Griffith Road, Charlotte, NC 28217.

13. The Court finds, pursuant to Federal Rule of Civil Procedure 54(b), that there is no just reason for delay, and it orders that judgment shall be entered against the Respondents and their officers and directors as set forth herein.

14. The Court retains jurisdiction over this matter and the parties to this action so that it may enter further sanctions against the Respondents and their officers and directors as necessary.

Signed: April 18, 2023

Robert J. Conrad, Jr.
United States District Judge